IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
WILLIAMSON COUNTY, ILLINOIS

**FILED**
MAR 2 2 2006

Stuart Hall
CLERK OF THE CIRCUIT COURT

| | |
|---|---|
| RICHARD M. STALLINGS, Administrator of Estate of RICHARD R. STALLINGS, deceased, <br><br> Plaintiff <br><br> vs. <br><br> THE BLACK AND DECKER MANUFACTURING COMPANY, a foreign corporation, and BLACK AND DECKER (U.S.), INC., a foreign corporation, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

No. 93-L-59  06-4078-JPG

FILED APR 12 2006 CLERK U.S. DISTRICT COURT SOUTHERN DISTRICT OF ILLINOIS BENTON OFFICE

## COMPLAINT WITH JURY DEMAND

### COUNT I

NOW COMES the Plaintiff, RICHARD M. STALLINGS, Administrator of Estate of RICHARD R. STALLINGS, deceased, by Stanton D. Ernest and John E. Rhine of the law firm of Rhine, Ernest & Vargo, his attorneys, and for his cause of action against the Defendant, BLACK AND DECKER, INC., a foreign corporation, states as follows:

1. Plaintiff, RICHARD M. STALLINGS, is the duly appointed, qualified and acting administrator of the Estate of RICHARD R. STALLINGS, deceased, pursuant to Order entered and Letters fo Office issued in the Circuit Court of White County, Illinois. A copy of said Letters of Office is attached hereto and made a part hereof as Exhibit "A".

2. Plaintiff brings this action as administrator pursuant to, and as authorized by the Illinois Wrongful Death Act, (740 ILCS 180/1), on behalf of, and for the benefit of, himself, the surviving father, the surviving mother and their son and daughter, the next of kin of the decedent.

3. On April 17, 1991, the decedent, RICHARD R. STALLINGS, was operating a

**EXHIBIT A**

circular saw manufactured by BLACK AND DECKER, INC., on the premises of Gilbert Stallings.

4. At said time and place said circular saw kicked and cut user's neck eventually resulting in the death of the decedent, RICHARD R. STALLINGS, on April 17, 1991.

5. The Plaintiff's decedent left surviving him as next of kin, his father RICHARD M. STALLINGS; his mother, ROBBIE ANN COX; his brother, RUSS MILLER STALLINGS; and his sister, RICHIANN STALLINGS.

6. That on or before April 17, 1991, the Defendants, BLACK AND DECKER, INC., a foreign corporation and BLACK AND DECKER (U.S.), INC., a foreign corporation, were in the business of manufacturing, designing and selling circular saws such as the above-mentioned saw in this cause.

7. The circular saw was manufactured by Defendants, BLACK AND DECKER, INC., a foreign corporation, soled and distributed so as to reach the ultimate user in the same condition as when it left the control of the Defendant.

8. On or prior to April 17, 1991, said circular saw was in an unreasonable dangerous condition when it left the Defendant's control, ordinary wear and tear excepted, in one or more of the following respects:

    a. Said circular saw was not made available with a riving knife or anti-kickback device.

    b. The circular saw's proclivity was to suddenly and unexpectedly kick out of the material being cut.

    c. Failed to provide a riving knife or anti-kickback device which would act as a guard and protect the user from injury.

9. As a direct and proximate result of the defective and unreasonably dangerous

condition of the product manufactured and sold by Defendants, BLACK AND DECKER, INC., a foreign corporation, the circular saw kicked and came into contact with the decedent's person, as a result of which Plaintiff's decedent sustained severe and permanent injuries resulting in great pain and suffering to the Plaintiff's decedent, and eventually in his death.

10. By reason of the wrongful death of Plaintiff's decedent, the next of kin surviving have sustained substantial pecuniary losses.

WHEREFORE, the Plaintiff, RICHARD M. STALLINGS, Administrator of the Estate of RICHARD R. Stallings, deceased, prays for judgment against the Defendant, BLACK AND DECKER, INC., a foreign corporation, in an amount in excess of Fifty Thousand Dollars ($50,000) plus costs of suit

PLAINTIFF DEMANDS TRIAL BY JURY.

COUNT II

NOW COMES the Plaintiff, RICHARD M. STALLINGS, Administrator of the Estate of RICHARD R. STALLINGS, deceased by Stanton D. Ernest and John E. Rhine of the law firm of Rhine, Ernest & Vargo, his attorneys, and for his cause of action against the Defendant, BLACK AND DECKER, INC., a foreign corporation, states as follows:

1. Plaintiff, RICHARD M. STALLINGS, is duly appointed, qualified and acting administrator of the Estate of RICHARD R. STALLINGS, deceased, pursuant to Order entered and Letters of Office issued in the Circuit Court. A copy of said Letters of Office is attached hereto and made a part hereof as Exhibit "A".

2. Plaintiff brings this action as administrator pursuant to, and as authorized by, the Illinois Wrongful Death Act, (740 ILCS 180/1), on behalf of, and for the benefit of, himself, the

surviving father, the surviving mother and their son and daughter, the next of kine of the decedent.

3. On April 17, 1991, the decedent, RICHARD R. STALLINGS, was operating a circular saw manufactured by BLACK AND DECKER, INC., a foreign corporation, on the premises of Gilbert Stallings.

4. At said time and place said circular saw kicked and cut user's neck eventually resulting in the death of the decedent, RICHARD R. STALLINGS, on April 17, 1991.

5. The Plaintiff's decedent left surviving him as next of kin, his father, RICHARD. STALLINGS; his mother, ROBBIE ANN HOFFORD, his brother, RUSS MILLER STALLINGS; and his sister, RICHANN STALLINGS.

6. The Defendant, BLACK AND DECKER, INC., a foreign corporation, at the time of the injurious occurrence hereinafter mentioned was negligent in one or more of the following respects:

    a. Failed to make available said circular saw with a riving knife.

    b. Failed to properly design, manufacture, sell, distribute, and recall the product which is unreasonably dangerous because of its proclivity to suddenly and unexpectedly kick out of the material being cut.

    c. Failed to provide a riving knife or anti-kickback device which would act as a guard and protect from injury.

7. As a direct and proximate result of the negligence of Defendant, BLACK AND DECKER, INC., a foreign corporation, the circular saw kicked and came into contact with the decedent's person, as a result of which Plaintiff's decedent sustained severe and permanent injuries resulting in great pain and suffering to the Plaintiff's decedent, and eventually in his death.

8. By reason of the wrongful death of Plaintiff's decedent, the next of kin surviving have

sustained substantial pecuniary losses.

WHEREFORE, the Plaintiff, RICHARD M. STALLINGS, Administrator of the Estate of RICHARD R. STALLINGS, deceased, prays for judgment against the Defendant, BLACK AND DECKER, INC., a foreign corporation, in an amount in excess of Fifty Thousand Dollars ($50,000) plus costs of suit.

*[signature]*
RICHARD M. STALLINGS, Administrator of the
Estate of RICHARD R. STALLINGS, deceased


RHINE, ERNEST & VARGO
Attorneys for RICHARD M. STALLINGS,
Administrator of the Estate of RICHARD R.
STALLINGS, deceased

By: *[signature]*
STANTON D. ERNEST

By: *[signature]*
JOHN E. RHINE


Stanton D. Ernest
John E. Rhine
RHINE, ERNEST & VARGO
631 N. Market Street
Mt. Carmel, IL 62863
Phone 618-262-8611
Fax 618-262-7145

STATE OF ILLINOIS        )
                         )  SS.
COUNTY OF WABASH         )

AFFIDAVIT

I, Stanton D. Ernest, after first being duly sworn on oath, depose and state as follows:

The total money damages that I am seeking on behalf of the Plaintiff in the Complaint to which this affidavit is attached and to be filed in the First Judicial Circuit, Williamson County, Illinois, against BLACK AND DECKER, INC., a foreign corporation, are in excess of Fifty Thousand Dollars ($50,000.00).

FURTHER THE AFFIANT SAYETH NOT.

Dated this 17th day of March 2006.

_____
STANTON D. ERNEST

Subscribed and sworn to before me this 17th day of March 2006.

OFFICIAL SEAL
DEANDREA STEELE
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 5-29-2010

_____
NOTARY PUBLIC

W:\00 P-S\Stallings, Richard\Affidavit.wpd

EXHIBIT A

## STATE OF ILLINOIS

IN THE CIRCUIT COURT OF THE __SECOND__ JUDICIAL CIRCUIT

__WHITE__ COUNTY — IN PROBATE

In the Matter of the Estate of

RICHARD RYAN STALLINGS

Deceased

No. 92-P-9

**FILED APR 06 1993**

*Ellen L. Pettijohn*
CIRCUIT COURT
WHITE COUNTY

### LETTERS OF OFFICE — DECEDENT'S ESTATE

RICHARD M. STALLINGS

has been appointed __Administrator__ of the estate of __RICHARD RYAN STALLINGS__, deceased; who died __April 17__, 19 __91__, and is authorized to take possession of and collect the estate of the decedent, and to do all acts required of him by law.

(Seal of court)

Witness, __April 6__, 19 __93__.

*Ellen L. Pettijohn*
(Clerk of the Circuit Court)

### CERTIFICATE

I certify that this is a copy of the letters of office now in force in this estate.

(Seal of court)

Dated __April 6__, 19 __93__.

*Ellen L. Pettijohn*
(Clerk of the Circuit Court)

Name __Raymond Lawler__

Attorney for __Plaintiff__

Address __New Rt. 13 at Carbon__

_____ IL __62959__

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
WILLIAMSON COUNTY, ILLINOIS

RICHARD M. STALLINGS, )
Administrator of Estate of )
RICHARD R. STALLINGS, deceased, )
)
    Plaintiff )
) 06-4018-JPG
vs. )
) No. 93 L 59
BLACK AND DECKER, INC. a )
foreign corporation, and )
BLACK AND DECKER (U.S.), INC., )
a foreign corporation, )
)
    Defendants. )

## SUMMONS

To the Defendant:    Black and Decker, (U.S.) Inc., a foreign corporation
c/o CT Corporation, Registered Agent
208 S. LaSalle Street, Suite 814
Chicago, IL 60601

    YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

    To the officer: Cook County Sheriff Department

    This summons must be returned by the officer or other persons to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned to endorsed. This summons may not be served later than 30 days after its due date.

WITNESS, March 23, 2006.

_Stuart Hall, m jp_
WILLIAMSON COUNTY CIRCUIT CLERK

Stanton D. Ernest
John E. Rhine
RHINE, ERNEST & VARGO
631 Market Street
Mt. Carmel, IL 62863
618-262-8611
618-262-7145 fax

## CT CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
04/03/2006
Log Number 511048075

TO: GARY C DUVALL
Miles & Stockbridge
1 West Pennsylvania Avenue, Suite 900
Towson, MD, 21204

RE: **Process Served in Illinois**

FOR: Black & Decker (U.S.) Inc. (Domestic State: MD)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Richard M. Stallings, Administrator of Estate of Richard R. Stallings, deceased, Pltf. vs. Black and Decker, Inc., etc., et al., Including Black and Decker, (U.S.) Inc., etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Jury Demand, Affidavit, Attachment |
| **COURT/AGENCY:** | Williamson County, IL - 1st Judicial Circuit Court, IL<br>Case # 93L59 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Wrongful Death |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/03/2006 at 10:00 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days |
| **ATTORNEY(S) / SENDER(S):** | Rhine, Ernest & Vargo<br>631 Market Street<br>Mt. Carmel, IL, 62863<br>618-262-8611 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 790379175397<br>Email Notification, Siobhan Miller Siobhan.Miller@bdk.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Tawana Carter |
| **ADDRESS:** | 208 South LaSalle Street<br>Suite 814<br>Chicago, IL, 60604 |
| **TELEPHONE:** | 312-345-4336 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.