16744.00A2B9/Document #: 718231

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD M. STALLINGS, Administrator of the Estate of RICHARD R. STALLINGS, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>THE BLACK & DECKER CORPORATION, a foreign corporation, formerly known as THE BLACK AND DECKER MANUFACTURING COMPANY, and BLACK & DECKER(U.S.) INC., a foreign corporation,<br><br>Defendants. | NO. 06-4078-JPG |

## DEFENDANT THE BLACK & DECKER CORPORATION'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Now comes the defendant, The Black & Decker Corporation, a foreign corporation, by and through its attorneys, C. Barry Montgomery, Edward J. Murphy, Williams Montgomery & John Ltd., James J. Bleyer, and Bleyer and Bleyer, and for its Answer to Plaintiff's Second Amended Complaint states as follows:

### COUNT I

1-2.   The Black & Decker Corporation admits the allegations of paragraphs 1 and 2.

3.   The Black & Decker Corporation denies that "The Black & Decker Manufacturing Company, now known as The Black & Decker Corporation..." manufactured the circular saw allegedly operated by Richard R. Stallings on April 17, 1991 on the premises of Gilbert Stallings. The Black & Decker Corporation admits that Black & Decker (U.S.) Inc. manufactured the saw allegedly operated by Richard R. Stallings on April 17, 1991. The Black & Decker Corporation has insufficient information regarding the allegation that "Richard R. Stallings was operating a circular saw…on the

premises of Gilbert Stallings..." on April 17, 1991 and, therefore, it neither admits nor denies that allegation but demands strict proof thereof.

4. The Black & Decker Corporation admits that the plaintiff's decedent died. The Black & Decker Corporation has insufficient information with respect to the other allegations of paragraph 4 and, therefore, neither admits nor denies those allegations but demands strict proof thereof.

5. The Black & Decker Corporation admits the allegations of paragraph 5 on information and belief.

6. The Black & Decker Corporation admits that Black & Decker (U.S.) Inc. was in the business of manufacturing, designing, and selling circular saws such as the saw described in the plaintiffs' complaint. The Black & Decker Corporation denies each and every other allegation of paragraph 6.

7. The Black & Decker Corporation admits that Black & Decker (U.S.) Inc. manufactured, sold and distributed the circular saw allegedly operated by Richard R. Stallings on April 17 1991. The Black & Decker Corporation denies each and every other allegation of paragraph 7.

8. The Black & Decker Corporation denies each and every allegation of paragraph 8 including each and every allegation of subparagraphs a, b and c.

9. The Black & Decker Corporation admits that the plaintiff's decedent died. The Black & Decker Corporation denies each and every other allegation of paragraph 9.

10. The Black & Decker Corporation admits that the plaintiff's decedent died. The Black & Decker Corporation denies each and every other allegation of paragraph 10.

WHEREFORE, The Black & Decker Corporation, a foreign corporation, denies that the plaintiff is entitled to judgment in his favor for any sum whatsoever.

The answering defendant, The Black & Decker Corporation, demands trial by jury.

## COUNT II

1-5. The Black & Decker Corporation reiterates and incorporates by reference its answers to paragraphs 1 through 5, inclusive of Count I as its answers to paragraphs 1 through 5, inclusive of Count II.

6. The Black & Decker Corporation denies each and every allegation of paragraph 6 in Count II including each and every allegation of subparagraphs a, b and c.

7. The Black & Decker Corporation admits that the plaintiff's decedent died. The Black & Decker Corporation denies each and every other allegation of paragraph 4 in Count II.

8. The Black & Decker Corporation admits that the plaintiff's decedent died. The Black & Decker Corporation, denies each and every other allegation of paragraph 8 in Count II.

WHEREFORE, the answering defendant, The Black & Decker Corporation, denies that the plaintiff is entitled to judgment in his favor for any sum whatsoever.

WHEREFORE, the answering defendant, The Black & Decker Corporation, asks that the complaint against it be dismissed and that judgment be entered in favor of the defendant and against the plaintiff on the remaining pleadings.

The answering defendant, The Black & Decker Corporation, demands trial by Jury.

## AFFIRMATIVE DEFENSES

Pleading in the alternative, without prejudice to its previously stated denials, and while continuing to assert that the plaintiff should take nothing by his action, the answering defendant, The Black & Decker Corporation, pleads the following Affirmative Defenses:

# COUNT I

## First Affirmative Defense to Count I
## (Assumption of Risk)

1. At the time and place alleged in the Plaintiff's Complaint, the plaintiff's decedent, Richard R. Stallings, while using the circular saw with actual knowledge of the risk of injury, and while understanding and appreciating the risk of injury, assumed the risk of injury in one or more of the following ways:

   a) knowingly failed to secure the workpiece while using the circular saw;

   b) knowingly used the saw with the blade too close to his body especially his neck; and

   c) knowingly held the workpiece and the circular saw in an awkward position too close to his body, especially his neck.

   d) Knowingly used the saw without a riving knife or anti-kickback device.

2. One or more of the foregoing was a proximate cause of the death of the plaintiff's decedent.

3. The plaintiff's decedent's assumption of the risk of injury was more than 50% of the proximate cause of his death and more than 50% of the proximate cause of the damages sought by the plaintiff..

WHEREFORE, the defendant, The Black & Decker Corporation, asks that all recovery to the plaintiff be barred or, alternatively, that the recovery by the plaintiff be reduced in proportion to the amount of fault of the plaintiff's decedent in assuming the risk of injury..

The answering defendant, The Black & Decker Corporation, demands trial by jury.

## Second Affirmative Defense to Count I
### (Misuse)

1.  At the time and place alleged in the Plaintiff's Complaint the plaintiff's decedent, Richard R. Stallings, misused the circular saw in a way that was unforeseeable in that he brought the rotating saw blade, under power, into contact with his neck.

2.  This misuse of the circular saw by the plaintiff's decedent, Richard R. Stallings, was a proximate cause of his death.

3.  The misuse of the circular saw by the plaintiff's decedent, Richard R. Stallings, was more than 50% of the proximate cause of his death and more than 50% of the proximate cause of the damages sought by the plaintiff.

WHEREFORE, the answering defendant, The Black & Decker Corporation, asks that all recovery to the plaintiff be barred or, alternatively, that the plaintiff's recovery be reduced in proportion to the amount of the fault of the plaintiff's decedent in misusing the circular saw.

The answering defendant, The Black & Decker Corporation, demands trial by jury.

## Third Affirmative Defense to Count I
### (Statute of Repose)

1.  Count I of the Complaint is a products liability action based upon strict liability.

2.  This action was commenced more than 12 years from the date of first sale of the product in question (the circular saw) or the delivery of possession of the product by a seller, and/or more than 10 years from the date of the first sale, lease, or delivery of possession of the product to its initial user, consumer, or other non-seller.

3.  Therefore, the claim stated in Count I should be dismissed, with prejudice, pursuant to 735 ILCS 5/13-213.

WHEREFORE, the answering defendant, The Black & Decker Corporation, prays that Count I of the Plaintiff's Complaint be dismissed, with prejudice, and that judgment be entered in favor of the defendant and against the plaintiff on that Count.

The answering defendant, The Black & Decker Corporation, demands trial by jury.

### AFFIRMATIVE DEFENSE TO COUNT II
### (Contributory Negligence)

1. Prior to and at the time of the occurrence stated in the Plaintiff's Complaint, the plaintiff's decedent, Richard R Stallings, was negligent in one or more of the following ways:

   a) carelessly and negligently brought the circular saw into contact with his body;

   b) carelessly and negligently operated the circular saw in such a way so as to cause injury to himself;

   c) carelessly and negligently failed to properly secure the workpiece while cutting the workpiece with the circular saw;

   d) carelessly and negligently cut a piece of particle board with the circular saw while attempting to hold the board vertically on a work bench in an awkward and dangerous position;

   e) Carelessly and negligently used the circular saw without a riving knife or anti-kickback device;

   f) was otherwise careless and negligent.

2. One or more of the aforesaid negligent acts and/or omissions of the plaintiff's decedent, Richard R. Stallings, proximately caused his death.

3. One or more of the aforesaid negligent acts and/or omissions of the plaintiff's decedent, Richard R. Stallings, was more than 50% of the proximate cause of his death and more than 50% of the proximate cause of the damages sought by the plaintiff.

WHEREFORE, the defendant, The Black & Decker Corporation, prays that the plaintiff's cause of action be dismissed and that all recovery to the plaintiff be barred due to the contributory

negligence of the plaintiff's decedent. Pleading in the alternative, without prejudice to its previously stated denials and while continuing to assert that the plaintiff should take nothing by this action, the answering defendant prays that any award to the plaintiff be reduced in proportion to the amount of negligence of the plaintiff's decedent.

The answering defendant, The Black & Decker Corporation, demands trial by jury.

## AFFIRMATIVE DEFENSE TO BOTH COUNTS I and II

The Black & Decker Corporation prays that the plaintiff's Second Amended Complaint be dismissed and that judgment be entered in favor of The Black & Decker Corporation and against the plaintiff because the instant suit, first filed against The Black & Decker Corporation on July 17, 2006 was not brought against this defendant within the time provided by law for the filing of such actions and, therefore, is barred by the applicable statute of limitations, 740 ILCS 180/2.

WHEREFORE, the defendant, The Black & Decker Corporation, prays that the plaintiff's cause of action against it be dismissed and that judgment be entered in favor of The Black & Decker Corporation and against the plaintiff.

The answering defendant, The Black & Decker Corporation, demands trial by jury.

WILLIAMS MONTGOMERY & JOHN LTD.

s/Edward J. Murphy
EDWARD J. MURPHY

C. Barry Montgomery
Edward J. Murphy
Attorneys for Defendant
Williams Montgomery & John Ltd.
20 N. Wacker Drive, Suite 2100
Chicago, IL  60606
312-443-3200

James B. Bleyer  
Bleyer & Bleyer  
601 W. Jackson Street  
Marion, IL  62959  
618-997-1331

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RICHARD M. STALLINGS, Administrator of the Estate of RICHARD R. STALLINGS, Deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. 06-4078-JPG |
| THE BLACK AND DECKER MANUFACTURING COMPANY, a foreign corporation, and BLACK AND DECKER (U.S.) INC., a foreign corporation, | ) ) ) ) ) | |
| Defendant. | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2006 I electronically filed the attached document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

    Stanton D. Ernest
    Rhine, Ernest & Vargo
    631 N. Market Street
    Mt. Carmel, IL  62863
    618-262-7145

    James B. Bleyer
    Bleyer & Bleyer
    601 W. Jackson Street
    Marion, IL  62959
    618-997-6559

                                                s/Edward J. Murphy

                                                Edward J. Murphy

C. Barry Montgomery
Edward J. Murphy
WILLIAMS MONTGOMERY & JOHN LTD.
20 North Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 443-3200