16744.00A2B9/Document #: 720606

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICHARD M. STALLINGS, Administrator of the Estate )
of RICHARD R. STALLINGS, Deceased, )
)
    Plaintiff, )
)
v. )
) NO. 06-4078-JPG
THE BLACK & DECKER CORPORATION, a foreign )
corporation, formerly known as THE BLACK AND )
DECKER MANUFACTURING COMPANY, and )
BLACK & DECKER(U.S.) INC., a foreign corporation, )
)
    Defendants. )

## MEMORANDUM OF LAW

Now comes the defendant, The Black & Decker Corporation, by and through its attorneys, C. Barry Montgomery, Edward J. Murphy, Williams Montgomery & John Ltd., James J. Bleyer, and Bleyer and Bleyer and for its Memorandum of Law in Support of its Motion for Summary Judgment states as follows:

### PROCEDURAL HISTORY

1.     This litigation began over 13 years ago when the plaintiff filed suit against Black & Decker, Inc. and Gilbert Stallings in the Williamson County, Illinois court on April 13, 1993. (Ex. 1). On January 4, 1995 the Williamson County Court entered an order dismissing Gilbert Stallings as a defendant pursuant to settlement. (Ex. 2). A Second Amended Complaint, naming two defendants, Black & Decker Inc. and Black & Decker (U.S.) Inc., was filed in Williamson County on February 6, 2001. (Ex. 4). On January 8, 2002, just before trial was to begin, the Williamson County Court entered an order allowing the plaintiff to amend his Second Amended Complaint, by deleting Black & Decker Inc. as a defendant and continuing the action against

Black & Decker (U.S.), Inc. only. (Ex. 5). After trial, a verdict in favor of the defendant was appealed and the case was reversed and remanded to Williamson County for a retrial. On April 1, 2005 the Williamson County Court entered an order dismissing the plaintiff's complaint "without prejudice". (Ex. 6). At that time Black & Decker (U.S.) Inc. was the only defendant. On March 22, 2006, the plaintiff refiled his action in the Williamson County, Illinois court. The suit was then removed to this Court on April 12, 2006. Since that time the plaintiff has amended his complaint twice. The current pleading is the Second Amended Complaint filed on July 17, 2006. (Ex. 8). That complaint names "The Black & Decker Corporation, a foreign corporation, formerly known as The Black & Decker Manufacturing Company and Black & Decker (U.S.) Inc." as defendants. Both defendants have answered the Second Amended Compliant. The Black & Decker Corporation has denied that it manufactured the saw in question. Black & Decker (U.S.) Inc. has admitted that it manufactured the saw.

## II. APPLICABLE LAW

A. <u>Summary Judgment</u>

1. Summary Judgment is appropriate where there is no genuine issue of material fact such that a reasonable jury could find in favor of the non-moving party, and the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P.* 56(c). *Spurgeon v. Julius Blum Inc.*, 816 F.Supp. 1317, 1319 (C.D. Ill. 1993). The movant is responsible for demonstrating that there is no genuine issue of material fact. In response to a properly supported motion for summary judgment the non-moving party must show that a rational jury could return a verdict in his or her favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-27, 106 S.Ct. 2548, 2552-55 (1986). This Court, in considering a Motion for Summary Judgment, must view all inferences drawn from the facts in the light most favorable to the party opposing the motion. However, the non-movant

2

must still produce evidence to establish those elements of his claim on which he bears the burden of proof at trial. As such, the non-movant must establish specific facts that show there is a general issue of fact for trial. *Miller v. American Family Mutual Insurance Co.*, 203 F.3d 997, 1003 (7th Cir., 2000). Disputed facts are not considered material unless they might affect the outcome of the suit. *First Indiana Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992).

    2. In an Illinois product liability case based on a claim of defective design the plaintiff has the burden of proving the existence of a defective condition in the product at the time it left the manufacturer's control. *Miller v. Rinker Boat Company*, 352 Ill.App.3d 68, 674, 815 N.E.2d 1219, 1241 (4th Dist. 2004). This is true regardless of whether the plaintiff's action sounds in negligence or strict liability. (*Id.*) The plaintiff must prove that: (1) the product was in an unreasonably dangerous condition (or negligently designed); (2) that this condition existed at the time the product left the manufacturer's control; and (3) that the condition was a proximate cause of the plaintiff's injury. *Wortel v. Somerset Industries, Inc.*, 311 Ill.App.3d 895, 900, 770 N.E.2d 1211, 1215 (1st Dist. 2002). See also *Fuesting v. Zimmer, Inc.*, 421 F.3d 528, 532 (7th Cir. 2005).

### III. THE BLACK & DECKER CORPORATION DID NOT MANUFACTURE THE SAW IN QUESTION

    1. On May 26, 1993, a representative of Black & Decker, C.L. Gough, inspected the saw in question at the offices of John Mitchell, one of the attorneys for the plaintiff. See Exhibit 13, Gough Affidavit. Mr. Gough observed a date code stamped on the saw--number 7850. (*Id.*). This date code indicated that the saw as "manufactured in the 50th week of 1978--<u>i.e.</u> in the week of December 11, 1978." (*Id.*).

2. The Black & Decker Manufacturing Company is the predecessor of the defendant, The Black & Decker Corporation. The corporate name was changed on January 28, 1985. (See Affidavit of William Bruner III, Exhibit 12). On September 15, 1978 The Black & Decker Manufacturing Company transferred all manufacturing operations for portable circular saws manufactured for sale in the United States to Black & Decker (U.S.) Inc. (*Id.*) The saw was manufactured three months later in December, 1978. (Ex. 13). Therefore, the saw in question was manufactured by Black & Decker (U.S.) Inc. and not by The Black & Decker Manufacturing Company or its successor, The Black & Decker Corporation.

3. The proper defendant is named in the Second Amended Complaint. That defendant, Black & Decker (U.S.) Inc., was a defendant in the case for many years prior to its removal to this Court and consistently has admitted in its answers to the various complaints that it manufactured the saw in question. (Ex. 10). The moving defendant, The Black & Decker Corporation, did not manufacture this saw and, therefore, the plaintiff cannot prove an essential element of his claim against this defendant. The Black & Decker Corporation is entitled to judgment as a matter of law.

## IV. THE ACTION AGAINST THE BLACK & DECKER CORPORATION IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

1. The Black & Decker Corporation was never named as a defendant in the suit filed by the plaintiff in Williamson County, Illinois. Neither The Black & Decker Corporation nor its predecessor The Black & Decker Manufacturing Company was ever named as a defendant at any time during the 12 years the case was pending in Williamson County, Illinois. The Black & Decker Corporation was not a defendant when the suit was dismissed "without prejudice" by the

4

Williamson County Court on April 1, 2005. Black & Decker (U.S.) Inc., was the only defendant in the suit at that time.

2. This suit is based upon the Illinois Wrongful Death statute. That statute provides, in pertinent part:

> Every such action shall be commenced within 2 years after the death of such person...

740 ILCS 180/2

3. 735 ILCS 5/13-217 provides, in pertinent part:

> In the actions specified...or any other act or contract where the time for commencing an action is limited...the action is voluntarily dismissed by the plaintiff or the action is dismissed for want of prosecution...then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year...after the action is voluntarily dismissed by the plaintiff or the action is dismissed for want of prosecution...

4. The Black & Decker Corporation was named as a defendant for the first time when the plaintiff's Second Amended Complaint was filed with this Court. on July 17, 2006. This is more than 15 years after the death of the plaintiff's decedent on April 17, 1991. The time for filing an action against The Black & Decker Corporation was not extended by 735 ILCS 5/13-217 because it was not sued within the two year limitations period and it was not a party to the suit at the time the action was dismissed "without prejudice". The only defendant at the time of the dismissal on April 1, 2005 was Black & Decker (U.S.) Inc. which has filed an answer admitting that it manufactured the saw in question. (Ex. 10). Thus, Black & Decker (U.S.) Inc. is the only defendant against whom a timely action could be refiled after April 1, 2005.

5. The action against The Black & Decker Corporation was first commenced when the Second Amended Complaint was filed on July 17, 2006, more than one year after April 1,

5

2005. Therefore, even if The Black & Decker Corporation or its predecessor had been a defendant in the case at the time of the dismissal by the Williamson County Court the time for refiling the action had elapsed before the plaintiff filed his Second Amended Complaint. Therefore, any action against The Black & Decker Manufacturing Company or its successor, The Black & Decker Corporation, is time barred.

WHEREFORE, the defendant, The Black & Decker Corporation, asks that this Honorable Court enter summary judgment in its favor and against the plaintiff.

WILLIAMS MONTGOMERY & JOHN LTD.

EDWARD J. MURPHY

C. Barry Montgomery
Edward J. Murphy
Attorneys for Defendant
Williams Montgomery & John Ltd.
20 N. Wacker Drive, Suite 2100
Chicago, IL 60606
312-443-3200

James B. Bleyer
Bleyer & Bleyer
601 W. Jackson Street
Marion, IL 62959
618-997-1331

16744.00A2B9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RICHARD M. STALLINGS, Administrator of the Estate of RICHARD R. STALLINGS, Deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. 06-4078-JPG |
| THE BLACK AND DECKER MANUFACTURING COMPANY, a foreign corporation, and BLACK AND DECKER (U.S.) INC., a foreign corporation, | ) ) ) ) ) | |
| Defendant. | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2006 I electronically filed the attached document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Stanton D. Ernest
Rhine, Ernest & Vargo
631 N. Market Street
Mt. Carmel, IL  62863
618-262-7145

James B. Bleyer
Bleyer & Bleyer
601 W. Jackson Street
Marion, IL  62959
618-997-6559

            s/Edward J. Murphy

            Edward J. Murphy

C. Barry Montgomery
Edward J. Murphy
WILLIAMS MONTGOMERY & JOHN LTD.
20 North Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 443-3200