UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICHARD M. STALLINGS, Administrator of the
Estate of RICHARD R. STALLINGS,  Deceased,

        Plaintiff,

        v.

THE BLACK & DECKER CORPORATION,
formerly known as THE BLACK & DECKER
MANUFACTURING COMPANY, and BLACK &
DECKER (U.S.) INC.,

        Defendants.

Case No. 06-cv-4078-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion for summary judgment filed by

defendant The Black & Decker Corporation, formerly known as The Black & Decker

Manufacturing Company (Doc. 23).  Plaintiff Richard M. Stallings, administrator of the estate of

Richard R. Stallings ("Stallings"), has responded to the motion (Doc. 55), and The Black &

Decker Corporation has replied to that response (Doc. 58).  The Court also considers The Black

& Decker Corporation's motion to strike the plaintiff's exhibits submitted in opposition to its

motion for summary judgment (Doc. 57), to which the plaintiff has responded (Doc. 61), and the

plaintiff's motion to strike portions of The Black & Decker Corporation's reply brief (Doc. 60),

to which The Black & Decker Corporation has responded (Doc. 63).

**I.**      **Summary Judgment Standard**

Summary judgment is appropriate where "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law."  Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986);

*Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).  The reviewing court

must construe the evidence in the light most favorable to the nonmoving party and draw all

reasonable  inferences in favor of that party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

255 (1986); *Spath*, 211 F.3d at 396.  Where the moving party fails to meet its strict burden of

proof, a court cannot enter summary judgment for the moving party even if the opposing party

fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371

(7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest

upon the allegations contained in the pleadings but must present specific facts to show that a

genuine issue of material fact exists.  Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 322-26; *Johnson*

*v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).  A genuine issue of material fact is not

demonstrated by the mere existence of "some alleged factual dispute between the parties,"

*Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita*

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986);  *Michas v. Health Cost*

*Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000).  Rather, a genuine issue of material fact

exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the

evidence presented." *Anderson,* 477 U.S. at 252; *accord Michas*, 209 F.3d at 692.

II.      **Motions to Strike**

A.       The Black & Decker Corporation's Motion to Strike  (Doc. 57)

The Black & Decker Corporation asks the Court to strike certain exhibits submitted by

the plaintiff in opposition to its motion for summary judgment on the ground that they are not

verified by affidavits and are therefore inadmissible.  In ruling on a motion for summary

judgment, the Court considers only evidence that would be admissible at trial, including properly

2

authenticated exhibits.  *See Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2000).  The

plaintiff has responded with an affidavit satisfying the Court that the objectionable exhibits are

the documents they purport to be.  *See* Fed. R. Evid. 901(a).  The Court will therefore deny the

motion (Doc. 57).

>       B.       The Plaintiff's Motion to Strike (Doc. 60)

The plaintiff asks the Court to strike certain portions of The Black & Decker

Corporation's reply brief or, in the alternative, to allow him to conduct additional discovery and

file a sur-reply brief.

As a preliminary matter, Local Rule 7.1(c) does not allow sur-reply briefs under any

circumstances.  The Court will therefore deny the plaintiff's request to file one.

With respect to the plaintiff's request to strike parts of the reply brief and exhibits, the

plaintiff argues that The Black & Decker Corporation raises certain arguments for the first time

in its reply brief.  Specifically, the plaintiff believes he has not had an adequate opportunity to

respond to The Black & Decker Corporation's "new argument" that it had no agent for service of

process in Illinois in 1993.  It is true that arguments in support of a motion that are raised for the

first time in a reply brief are waived.  *Wright v. United States*, 139 F.3d 551, 553 (7th Cir. 1998).

However, the arguments the plaintiff cites are not new arguments by The Black & Decker

Corporation but responses to arguments raised in the plaintiff's response brief.  The plaintiff has

offered no reason why he could not have discovered the relevant information earlier and

included it in his response brief in support of his argument that this suit was timely filed against

The Black & Decker Corporation.

The plaintiff invokes Rule 56(f) to ask the Court to withhold ruling on the summary

judgment motion until he can conduct more discovery.  Rule 56(f), however, comes into play

when a party cannot respond to a motion for summary judgment without more discovery, not when a plaintiff belatedly realizes he should have included more in a response he has already filed.  Furthermore, a Rule 56(f) motion must be supported by an affidavit, and the plaintiff's motion is not.  *Woods v. City of Chicago*, 234 F.3d 979, 990 (7th Cir. 2000).

For the foregoing reasons, the Court will deny the motion to strike in its entirety (Doc. 60).

**III.    Facts**

Viewing the relevant evidence and drawing all reasonable inferences in the plaintiff's favor, the Court finds the following facts for the purposes of this motion.

A.      The Injury

On April 17, 1991, Stallings was injured while using a portable circular saw owned by Gilbert Stallings.  He died from those injuries.

The saw that injured Stallings bore a label on which was written "The Black and Decker Mfg. Co." and bore the date code "7850."  The date code indicated that the saw was manufactured in the fiftieth week of 1978, that is, the week of December 11, 1978.

B.      Black & Decker Entities

As of the late 1970s, The Black & Decker Manufacturing Company manufactured portable electric power tools including circular saws like the one at issue in this case.  However, in September 1978, approximately three months before the saw at issue in this litigation was manufactured, The Black & Decker Manufacturing Company transferred all its portable circular saw manufacturing operations for sale in the United States to Black & Decker (U.S.), Inc.  Thus, Black & Decker (U.S.), Inc. manufactured the saw that killed Stallings.

Black & Decker, Inc. is a separate entity that is unrelated to the saw involved in

Stallings's death.

In January 1985, The Black & Decker Manufacturing Company changed its name to The Black & Decker Corporation.

C.      The Litigation

On April 12, 1993, the plaintiff, Stallings's father, filed a lawsuit in state court against "Black and Decker, Inc.,"[1] alleging that Black and Decker, Inc. manufactured the circular saw that injured Stallings and that it was strictly liable for his injuries, and against Gilbert Stallings, alleging that he was negligent.[2] *See Stallings v. Black and Decker, Inc.*, No. 93-L-59, Circuit Court of the First Judicial Circuit, Williamson County, Illinois.  Although only Black & Decker, Inc. was named as a defendant in that suit, Black & Decker (U.S.), Inc. appeared in that case, admitted that it manufactured the saw in question and defended the suit.  On March 20, 1997, the plaintiff amended his state court complaint to add a negligence claim.  The plaintiff further amended the state court complaint on February 6, 2001, to name Black and Decker (U.S.), Inc. in addition to Black and Decker, Inc.  The second amended complaint alleged strict liability against Black and Decker, Inc. but, although naming Black and Decker (U.S.), Inc. as a defendant, made no allegations against Black and Decker (U.S.), Inc.  Later, the state court allowed the plaintiff to remove Black and Decker, Inc. as a defendant, leaving only Black and Decker (U.S.), Inc.  The case was tried, the defendant prevailed, but the Illinois Appellate Court remanded the case for

_____

[1]The plaintiff believes that whether "and" or "&" is used in the Black & Decker entities' names is significant.  In its recounting of the litigation history, the Court uses the terms used in the relevant documents.  The matter is discussed in more detail later in this order.

[2]Gilbert Stallings ultimately settled with the plaintiff and is not involved in this case.

retrial.  Before it could be tried again, on April 1, 2005, the suit was dismissed without prejudice.

On March 22, 2006, the plaintiff filed another complaint in his state lawsuit, this time against "The Black and Decker Manufacturing Company" and "Black and Decker (U.S.), Inc." alleging strict liability and negligence.  Despite not naming Black and Decker, Inc. as a defendant, the allegations of wrongdoing in the body of the complaint were addressed only to that entity.  The defendants removed the case to federal court, where it landed in this Court's lap. After removal, the plaintiff amended his complaint to name two parties: (1) "Black and Decker, Inc. formerly known as The Black and Decker Manufacturing Company" and (2) "Black and Decker (U.S.), Inc." (referred to in the body of the amended complaint as "Black & Decker (U.S.), Inc.").  The amended complaint also alleged in the alternative that each defendant manufactured the circular saw used by Stallings.  Finally, on July 26, 2006, the plaintiff filed a second amended complaint – the operative pleading at this time – changing all references to "Black and Decker, Inc., formerly known as The Black and Decker Manufacturing Company" to "The Black & Decker Corporation, formerly known as The Black & Decker Manufacturing Company."  Both defendants have answered the second amended complaint.

The Black & Decker Corporation asks the Court for summary judgment on two grounds: (1) that it did not manufacture the saw Stallings was using on April 17, 1991, and (2) that the plaintiff did not file this lawsuit against it within the applicable statute of limitations.

The plaintiff argues that The Black & Decker Corporation is liable under a variety of theories even though it did not manufacture the saw in question.  The plaintiff also argues that his naming of Black & Decker, Inc. in the original state court complaint was simply a misnomer of The Black & Decker Corporation and his later pleadings naming The Black & Decker Corporation (or The Black & Decker Manufacturing Company) should be viewed as simply

correcting a misnomer. Alternatively, the plaintiff argues that the addition of The Black & Decker Corporation to this suit in 2006 relates back to the original state court complaint filed in 1993.[3]

## IV.    Analysis

The plaintiff has sued The Black & Decker Corporation too late. Because the statute of limitations issue is dispositive of the plaintiff's claims against The Black & Decker Corporation, the Court declines to address the other arguments raised by the summary judgment motion.

The Black & Decker Corporation asks the Court to grant summary judgment in its favor because the plaintiff's causes of action against it are barred by Illinois's two-year statute of limitations for wrongful death actions, 740 ILCS 180/2. It argues that it was not named as a party to this lawsuit until, at the earliest, March 2006, when the second state court complaint was filed naming "The Black and Decker Manufacturing Company," The Black & Decker Corporation's former name, nearly 15 years after Stallings's death. The plaintiff offers two reasons his current suit against The Black & Decker Corporation is timely:  misnomer and mistaken identity. Both parties proceed as if Illinois law applies to these issues, and the Court will not challenge that assumption.

### A.    Misnomer

The plaintiff argues that The Black & Decker Corporation was properly sued and served in the state court litigation but was simply called the wrong name and has thus been in the case

---

[3]The plaintiff also urges the Court to keep The Black & Decker Corporation in this lawsuit because it possesses documents relevant to this case. This is an insufficient reason to retain a defendant in a case if a plaintiff cannot succeed on a cause of action against that defendant. Third party discovery through depositions and subpoenas *duces tecum* is adequate to obtain information from entities that are not parties to a case. *See* Fed. R. Civ. P. 30, 34(c) & 45.

since its inception in 1993. The plaintiff relies on the rule that where a defendant is simply

misnamed in the complaint, amendments may be made to correct the name without impacting a

claim's filing date. *See* 735 ILCS 5/2-401(b).

As a preliminary matter, the plaintiff makes much ado about the use of "and" or "&" in

the defendants' and its related companies' corporate names. The Court finds this to be a red

herring. Although there is evidence that The Black & Decker Corporation has sought to correct

misnomers of itself involving "and" and "&" in prior court cases, the plaintiff has presented no

evidence that The Black & Decker Corporation has sought by reason of the "and/&" question to

escape liability for debts attributable to "The Black and Decker Corporation" or to deny its

identity to "The Black and Decker Corporation." Indeed, The Black & Decker Corporation's

defenses in this case have nothing to do with whether it was sued as "The Black and Decker

Corporation" or "The Black & Decker Corporation." Had its arguments rested on such a

distinction, the Court would have firmly rejected them. "And" and "&" in parties' names are

freely interchanged in the field of law, with citation authorities explicitly directing the

replacement of "and" with "&" when citing cases. *See, e.g., The Bluebook: A Uniform System

of Citation*, Rule 10.2.1(c) (18th ed. 2005). The Court dismisses the plaintiff's fascination with

this topic as wholly unworthy of the half-dozen or so pages he devotes to it in his brief. The

Court now turns to the real issue: was the plaintiff's naming of Black and Decker, Inc. in 1993 a

simple misnomer justifying viewing the second state court complaint as a mere correction of the

name of the defendant to The Black & Decker Manufacturing Company, now known as The

Black & Decker Corporation.

A misnomer occurs where a plaintiff sues and serves the summons on the party it intends

to make a defendant, giving that party notice of the suit, but calls that party by the wrong name.

*Wheaton v. Steward*, 817 N.E.2d 1029, 1032 (Ill. App. Ct. 2004); *Retzler v. Pratt & Whitney Co.*, 723 N.E.2d 345, 356 (Ill. App. Ct. 1999). Where a misnomer occurs, a party may correct the name of the party sued at any time. *Wheaton*, 817 N.E.2d at 1032. The correction will not impact the effectiveness of the service or the rest of the litigation against the party intended to be the defendant. *See* 735 ILCS 5/2-401(b); *Retzler*, 723 N.E.2d at 356.

The plaintiff's 1993 state court complaint did not misname The Black & Decker Corporation. The plaintiff did not intend to sue nor did he serve summons on The Black & Decker Corporation. Thus, the plaintiff cannot claim that his second state court complaint was a mere "correction" to reflect that The Black & Decker Corporation has been a party to this case from the outset.

To determine who a plaintiff intended to sue where a misnomer is claimed, the Court considers objective manifestations of his intent. *See Retzler*, 723 N.E.2d at 356. It is clear from the objective manifestations in the original state court complaint that the plaintiff intended to sue the entity that manufactured the saw that injured Stallings. This is apparent from the statements in the document alleging that the defendant named ("Black and Decker, Inc.") manufactured the saw Stallings was using on April 17, 1991, and that by doing so it created an unreasonably dangerous product. Complaint ¶¶ 3, 6, 7 & 8. The state court complaint also at one point alleges that Black & Decker (U.S.), Inc., who was not named as a defendant although it appears in retrospect that it was the intended defendant, manufactured and sold the saw in question. Complaint ¶ 9. It is also clear that The Black & Decker Corporation did not manufacture the saw that injured Stallings because it had transferred its manufacturing operations to Black & Decker (U.S.), Inc. about three months before the saw was manufactured. Thus, the plaintiff did not intend to sue The Black & Decker Corporation.

On the contrary, the state court complaint clearly evinces an intent to sue Black & Decker (U.S.), Inc., the manufacturer of the saw. It appears that Black & Decker (U.S.), Inc. appropriately recognized that the plaintiff intended to sue it, construed the plaintiff's 1993 state court complaint to misname it as "Black and Decker, Inc." and it accordingly answered that complaint and defended the suit.

Neither did the plaintiff timely serve the summons on The Black & Decker Corporation. The plaintiff claims that May 1993 service of summons on CT Corporation as agent of "Black and Decker, Inc." in its Chicago, Illinois, office was sufficient to effect service on The Black & Decker Corporation, which also used CT Corporation as its registered agent for service at one time. In support of this contention, the plaintiff points to a public record dated September 28, 1990, indicating that the registered agent of "The Black and Decker Manufacturing Company" in Illinois was CT Corporation in its Chicago office. The Black & Decker Corporation has, however, submitted an affidavit that in 1993, it had no registered agent for service in Illinois. The plaintiff's evidence does not contradict this affidavit because it deals with another, irrelevant time period – 1990 – so the Court accepts The Black & Decker Corporation's affidavit as true. It follows then that the plaintiff's service on CT Corporation in Chicago could not have constituted effective service on The Black & Decker Corporation.

The plaintiff cites *Padilla v. The Black & Decker Corporation*, No. Civ. A. 04-CV-4466, 2005 WL 697479 (E.D. Pa. Mar. 24, 2005), to argue in favor of his misnomer theory. In *Padilla*, the plaintiff intended to sue the manufacture of a miter saw that injured him and named The Black & Decker Corporation in the complaint. *Id.* at *1. As in this case, The Black & Decker Corporation sought to be dismissed because it was not the manufacturer of the saw. *Id.* After removal to federal court and in response to The Black & Decker Corporation's motion for

summary judgment based on the foregoing, the plaintiff sought to amend his complaint to substitute Black & Decker (U.S.), Inc., the manufacturer of the saw. *Id.* at *2. The district court found that the naming of The Black & Decker Corporation was a misnomer and allowed the plaintiff to correct the name of the defendant to Black & Decker (U.S.), Inc. *Id.* at *3. Key to that decision was the fact that the plaintiff intended from the beginning to sue the manufacturer of the miter saw and, in fact, served the summons and complaint at the common address of Black & Decker (U.S.), Inc. and The Black & Decker Corporation. *Id.*

*Padilla* and the other cases cited by the plaintiff can be distinguished from the case at bar. First, none of them apply Illinois law, which both parties cite in support of their arguments. Furthermore, as in *Padilla*, in *Bussell v. DeWalt Products, Corp.*, 614 A.2d 622 (N.J. Super. Ct. App. Div. Oct. 9, 1992), it was clear from the beginning that the plaintiff intended to sue the manufacturer of the offending product, and the court allowed the manufacturer to be substituted for the party actually named. In this case, the manufacturer is already in the case, and the plaintiff now seeks to bring in a non-manufacturing defendant nearly 15 years after he filed a complaint which made no allegations against any non-manufacturing corporate entity. *Kent v. Howell Electric Motors*, No. CIV. A. 96-7221, 1998 WL 614766 (E.D. Pa. Sept. 14, 1998), is also distinguishable because in that case the plaintiff actually served the registered agent of the intended defendant, although mistakenly as the agent of another entity with a similar name. There was no such service in the case at bar. Finally, *Security Mutual Insurance Co. v. Black & Decker Corp.*, 255 A.D.2d 771 (N.Y.A.D. Nov. 19, 1998), actually supports the defendant's position.

Because the plaintiff's naming of Black and Decker, Inc. in his 1993 state court complaint was not simply a misnomer of The Black & Decker Corporation, adding The Black &

Decker Corporation (or The Black & Decker Manufacturing Company) as a defendant in May 2006, was not simply a correction of a misnamed party's identity.

>    B.    Mistaken Identity

The plaintiff also argues that he sued Black and Decker, Inc. in the 1993 state court complaint because of mistaken identity and that, as a consequence, his May 2006 claims against The Black & Decker Corporation should relate back to 1993.

Under Illinois law, a mistaken identity occurs when the plaintiff names and serves the wrong party. *Retzler v. Pratt & Whitney Co.*, 723 N.E.2d 345, 356 (Ill. App. Ct. 1999). Whether an amended pleading naming the proper party relates back to a pleading reflecting a mistaken identity is governed by 735 ILCS 5/2-616. That statute was amended in 2002, but in this case the prior version of the statute applies because the statute of limitations expired before the amendment but the amended pleading was filed after the amendment. *See Compton v. Ubilluz*, 811 N.E.2d 1225, 1232 (Ill. App. Ct. 2004) ("If the amended complaint is filed after the effective date of the amendment to the statute [and] . . . the limitation period of the original complaint has lapsed, then the unamended version of section 2-616 will apply. . . ."). The earlier version of the statute provides that a cause of action against a new defendant relates back to the date when the action was brought if, among other things,

>    (3) service of summons was in fact had upon the person, his or her agent or partner, as the nature of the defendant made appropriate, even though he or she was served in the wrong capacity or as agent of another . . . [and] (4) the person, within the time that the action might have been brought or the right asserted against him or her, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him or her. . . .

735 ILCS 5/2-616(d) (1987). All of the requirements of § 2-616(d) must be met before an amended pleading can relate back to a prior pleading. *Retzler*, 723 N.E.2d at 357.

Relation back is not appropriate in this case.  As discussed in the previous section, service of summons was not made upon The Black & Decker Corporation or its agent, even in an erroneous capacity.  Furthermore, no evidence suggests that The Black & Decker Corporation knew that the original action was pending or that it was alleged to be involved in the occurrence in the case prior to the expiration of the statute of limitations on April 17, 1993, five days after the complaint was filed and more than three weeks before service was made on "Black and Decker, Inc." on May 11, 1993, or even prior to the end of the period allowed for service of the original state court complaint.  The original pleading was aimed at the manufacturer of the saw in question, and The Black & Decker Corporation was not the manufacturer, so it had no reason to suspect the plaintiff wanted to sue it until much later in the course of the litigation.

     c.     <u>Federal Rules for Relation Back</u>

Even if the question of relation back to the original 1993 complaint was governed by federal rules, which the Court suspects it may be, the plaintiff's claims against The Black & Decker Corporation would still be untimely.

Federal Rule of Civil Procedure 15(c) governs relation back of amended pleadings in federal cases.  Under Rule 15(c)(3), an amended complaint naming a new party or changing a party's name relates back to an original complaint if the amendment arose out of the conduct in the original pleading and, within the period allowed for service of the summons and complaint, the new party named had notice of the institution of the action such that it would not be prejudiced and knew or should have known that absent a mistake by the plaintiff, the suit would have been brought against it.[4]

---

[4]Rule 15(c)(1) also permits relation back if the state law providing the statute of limitations permits it.  As set forth earlier in this order, Illinois state law does not permit

For the reasons set forth in the prior section of this order, the Court finds that even if The Black & Decker Corporation knew of this lawsuit within the service period in 1993, it had no reason to know that, absent a mistake by the plaintiff, the suit would have been brought against it. At the outset, the suit was clearly aimed at the manufacturer of the saw, and The Black & Decker Corporation was not the manufacturer.

Because the plaintiff first brought his claims against The Black & Decker Corporation more than two years after Stallings's death and those claims do not relate back to the original state court complaint, they are time-barred, and The Black & Decker Corporation is entitled to summary judgment in this case. In light of this ruling, the Court need not address The Black & Decker Corporation's alternate argument in favor of summary judgment.

## V.      Conclusion

For the foregoing reasons, the Court

•      **DENIES** The Black & Decker Corporation's motion to strike (Doc. 57);

•      **DENIES** the plaintiff's motion to strike (Doc. 60);

•      **GRANTS** The Black & Decker Corporation's motion for summary judgment (Doc. 23); and

•      **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:  April 17, 2007**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

---

relation back of Stallings's complaint against The Black & Decker Corporation.