UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RUSS STALLINGS, Administrator of the Estate of RICHARD R. STALLINGS, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>THE BLACK & DECKER CORPORATION, formerly known as THE BLACK & DECKER MANUFACTURING COMPANY, and BLACK & DECKER (U.S.) INC.,<br><br>Defendants. | Case No. 06-cv-4078-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the plaintiff's motion for leave to amend the complaint (Doc. 93) and defendant Black & Decker (U.S.), Inc.'s ("Black & Decker") motion to strike the supplemental report of the plaintiff's expert witness, Stan Johnson ("Johnson") (Doc. 96). Black & Decker has responded to the plaintiff's motion (Doc. 95), and the plaintiff has responded to Black & Decker's motion (Doc. 97). The plaintiff's response also contains a reply to Black & Decker's response to the motion for leave to amend.

Rule 15(a)(2) provides that once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." The rule conveys a liberal approach to amendments, stating, "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *Daugherity v. Traylor Bros., Inc.*, 970 F.2d 348, 351 (7th Cir. 1992). The rule "reflects a policy that cases should generally be decided on the merits and not on the basis of technicalities." *McCarthy v. Painewebber, Inc.*, 127 F.R.D. 130, 132 (N.D. Ill. 1989); *see Diersen v. Chicago Car Exch.*, 110 F.3d 481, 489 (7th Cir. 1997); *Woods v. Indiana Univ.-Purdue Univ.*, 996 F.2d 880, 883 (7th Cir. 1993). Generally, the

decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997); *Sanders v. Venture Stores*, 56 F.3d 771, 773 (7th Cir. 1995). A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860 (7th Cir. 2001); *Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993); *Daugherity*, 970 F.2d at 351.

A brief overview of the history of the dispute in this case is helpful to understanding the context of the pending motion. The circular saw accident that forms the basis of this case occurred in April 1991. On April 12, 1993, the administrator of the plaintiff's estate filed a lawsuit in state court. After amending the complaint several times, the case against Black & Decker was tried and Black & Decker prevailed, but the Illinois Appellate Court remanded the case for retrial. Before it could be tried again, on April 1, 2005, the suit was dismissed without prejudice.

On March 22, 2006, the plaintiff filed another complaint in state court, and the case was removed to this Court. The plaintiff amended the complaint on June 27, 2006 (Doc. 11), and again on July 26, 2006 (Doc. 20). In November 2007, the Court allowed substitution of plaintiffs, but no formal amended complaint was ever filed. Thus, apart from the identity of the estate representative, the July 26, 2006, complaint is the operative complaint in this case. Discovery closed on May 15, 2008, and trial is set for September 22, 2008.

The first two complaints filed during the state court litigation of this case, in 1993 and 1997, contained allegations of inadequate warnings of the danger of kickback associated with

portable circular saws. Thereafter, all subsequent complaints did not contain allegations regarding the adequacy of warnings. Indeed, the three complaints filed in federal court allege that a portable circular saw manufactured by Black & Decker was defective because it did not have a riving knife or another anti-kickback device; none give any indication the plaintiff was claiming the saw was defective because of a lack of warnings about the saw's proclivity to kick back. Johnson's expert report and supplemental report contained no opinion that the saw was defective because of inadequate warnings, and Johnson testified during his deposition that the report and its supplement contained all his opinions. No expert opinions were disclosed regarding a warning defect until July 23, 2008, when Johnson issued a second supplemental report. To the extent that the warnings were mentioned in previous expert depositions, no complaint about the adequacy of the existing warnings was expressed.

The plaintiff now seeks to file the "Fourth Amended Complaint" (really the third amended complaint since no new document was filed pursuant to the November 2007 amendment) in which he "refines" his allegations of fault against Black & Decker. Actually, far from simply "refining" the existing allegations of fault, the proposed amended complaint alleges for the first time since the 1997 state court complaint that the saw was defective because it did not have adequate warnings about the risk of kickback and how to avoid it. The plaintiff asserts that this theory came to light in a May 8, 2008, deposition of a Black & Decker corporate representative who testified that a kickback warning in its owner's manual for the saw at issue could have been improved.

Black & Decker objects to the proposed amended complaint on the grounds that the addition of a new theory of liability is untimely, would unduly prejudice Black & Decker, and would further delay resolution of this case.

The Court will deny leave to file the "Fourth Amended Complaint." The plaintiff has waited too long to raise the failure to warn theory of liability. It is clear that the plaintiff has been aware that such a theory might be applicable since 1993 when he first filed a complaint in state court setting forth a failure to warn theory. However, since 2001, when an amended pleading was filed in state court omitting such allegations, the plaintiff apparently abandoned that theory. Once this case got to federal court, the plaintiff did not give Black & Decker notice he was pursuing such a theory of liability either in its pleadings or in discovery. The plaintiff's expert's report and its supplement contained no opinion that the warnings were inadequate, and the expert testified at his deposition that his opinions were limited to those in the report and its supplement. The plaintiff certainly had plenty of opportunities to raise this theory in his numerous complaints and in the extensive discovery conducted in state and federal court. Now, two months before trial, the plaintiff seeks to revive this theory without any legitimate explanation of the inordinate delay in asserting it. The plaintiff's reliance on supposedly new information gained in a May 8, 2008, deposition of Black & Decker's corporate representative is not persuasive. The supposedly new information was not new to the plaintiff. The plaintiff had been aware for years of the warning language in the owner's manual that came with the saw at issue in this case and subsequent improvements in that warning language in later owner's manuals. That the earlier warning language could have been different or more complete is not something he needed a Black & Decker corporate representative to tell him.

Allowing the complaint to be amended at this late date would undoubtedly cause postponement of the trial while Black & Decker conducts additional discovery on the new expert opinion and identifies an opposing expert to counter it. The decedent's accident happened over seventeen years ago. In those intervening seventeen years, witnesses' memories have faded and

4

continue to fade, and evidence has been misplaced.  Black & Decker has expended significant resources preparing for the final resolution of this case as it has been variously framed by the plaintiff over fifteen years, and it is entitled to a resolution as the case is currently framed and without additional discovery costs.  Further delay is unacceptable;  it is time to try this case.

As for Stan Johnson's supplemental expert report, that report deals exclusively with the failure to warn theory sought to be added to this case.  Because the Court is not allowing the new theory, the expert report is irrelevant.  Accordingly, the Court will grant the motion to strike (Doc. 96)

For the foregoing reasons, the Court **DENIES** the plaintiff's motion for leave to file a further amended complaint (Doc. 93) and **GRANTS** Black & Decker's motion to strike (Doc. 96).

**IT IS SO ORDERED.**
**DATED:  August 11, 2008**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**